# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. CHAMBERS, : | |
| : | Civil Action No. 1:CV-04-0714 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DEPARTMENT : | |
| OF GENERAL SERVICES, et al., : | |
| : | |
| **Defendants** : | |

## ORDER

Pending before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint (Doc. No. 31). For the reasons that briefly follow, the Motion will be granted in part.

**I.   Background**[1]

Plaintiff is an African-American employee of the Pennsylvania Department of General Services. Plaintiff first began working for the Department in 1985 as a Journeyman's Assistant. In 1988, Plaintiff was promoted to Refrigeration Mechanic. In 1994 or 1995, Plaintiff was promoted to Refrigeration Plant Supervisor I. Plaintiff is a union member and has served as a union steward with Local #2162 as a Refrigeration Mechanic, and with Local #2245 as a supervisor. On or about September 16, 2002, Plaintiff was suspended without pay for five days for insubordination, disrespectful conduct, failing to abide by established operating procedures, unauthorized absence and neglect of supervisory responsibilities. These allegations arose out of an incident during which Plaintiff and a subordinate

---

[1] For purposes of evaluating the pending motion to dismiss, the Court accepts as true all of the well-pleaded allegations contained in the second amended complaint.

employee used a state vehicle to pick up food at approximately 6:45 p.m.  This vehicle was involved in a traffic accident and Plaintiff was unable to return to the work site until approximately 3:00 a.m.  In addition to being suspended, Plaintiff was demoted from Refrigeration Plant Supervisor to Refrigeration Mechanic as a result of this incident.  On November 15, 2002, a white employee was promoted to Plaintiff's former position of Refrigeration Plant Supervisor.

Plaintiff commenced this litigation by filing a complaint on April 2, 2004 in which he asserted a number of civil rights violations against all Defendants.  (Doc. No. 1.)  Plaintiff amended the complaint for the first time on September 10, 2004.  (Doc. No. 11.)  Subsequently, in order to address certain deficiencies in the amended complaint, Plaintiff filed a second amended complaint on December 13, 2004.  (Doc. No. 30.)  Defendants moved to dismiss the second amended complaint on December 27, 2004.

## II.     Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff.  U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).  The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when,

taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

### III. Discussion

#### A. Improper Service

Defendants Myers and Phillips contend that Plaintiff's second amended complaint should be dismissed because "as of the filing of [the] brief in support of the motion to dismiss," Plaintiff had not served the summons or any of the complaints filed upon either Defendant. Therefore, they argue the 120-day period for service provided by Rule 4(m) of the Federal Rules of Civil Procedure has expired. (Doc. No. 32, at 6.); Fed. R. Civ. P. 4(m).

Subsequent to Defendants' filing the pending motion to dismiss, the Court entered an Order granting Plaintiff an extension of time to serve Defendants Myers and Phillips, and directed the Clerk of Court to reissue a summons. (Doc. No. 35.) Subsequently, both Defendants waived service. (Doc.

No. 38.) Therefore, the Court finds that this asserted basis for dismissing the second amended complaint has been rendered moot.

### B. Eleventh Amendment Immunity and Immunity Under the PHRA

Defendants next argue that Plaintiff's claims against the Department of General Services and all individual Defendants should be dismissed because the Department of General Services and all of its employees enjoy immunity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST., amend. XI. Accordingly, "[u]nder the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the states's immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dept. of Cmty. & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). Moreover, although the terms of the Amendment do not specifically proscribe suits against a state by its own citizens, the Supreme Court has held that states are immune from such suits brought in federal court. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 236 (1985); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This grant of immunity extends to suits brought against agencies or departments of a state, as well as suits against the state itself. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); see also Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 464 (1945) ("When an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest

and is entitled to invoke its sovereign immunity even though individual officials are nominal defendants").

It is undisputed that the Pennsylvania Department of General Services is an administrative agency of the Commonwealth. 71 P.S. § 631 (2004). Accordingly, Plaintiff's claims against the Department of General Services are barred pursuant to the Eleventh Amendment. Doyle, 429 U.S. at 280.

Defendants also argue that the Commonwealth's immunity under both the Eleventh Amendment and the Pennsylvania Human Relations Act, 43 Pa. C.S.A.. § 951 et seq. ("PHRA"), should extend also to "any of the individual Defendants." (Doc. No. 32, at 7.) Defendants offer no legal support for this argument. Plaintiff has sued the individual defendants in both their official and individual capacities. (Doc. No. 30, Second Amended Complaint.) It is well-settled that official capacity suits are nothing more than suits against an official's employing agency. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Accordingly, the Court agrees that the individual Defendants are immune from suit in their official capacities pursuant to the Eleventh Amendment. However, this grant of immunity does not extend to suits against the individual Defendants in their individual capacities, and Defendants offer no other argument to support their contention that the individual Defendants enjoy immunity from this litigation. Accordingly, the Court will grant Defendants' motion to dismiss the Department of General Services and all official capacity claims against the individually-named Defendants pursuant to the Eleventh Amendment and Kentucky v. Graham, but will not dismiss Plaintiff's individual capacity claims brought against the individual Defendants.

    **C.**    **Statute of Limitations**

Although Congress did not provide a specific federal statute of limitations for claims brought under 42 U.S.C. §§ 1981, 1983, and 1985, the Supreme Court has held that 42 U.S.C. § 1988 directs federal courts to borrow the state statute of limitations for the most analogous cause of action. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  Subsequently, it has become well-settled in this circuit that claims brought under brought under 42 U.S.C. §§ 1981, 1983, and 1985 based on torts alleged to have occurred in Pennsylvania are subject to a two-year statute of limitations.  See Goodman v. Lukens Steel Co., 482 U.S. 656, 660-62 (1987) (section 1981); Lake v. Arnold, 232 F.3d 360, 36 (3d Cir. 2000) (sections 1983, 1985); Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); Rose v. Bartle, 871 F.2d 331, 348 and n.13 (3d Cir. 1989).  In contrast, it is statutorily provided that claims brought under 42 U.S.C. § 1986 are subject to a one-year statute of limitations. See 42 U.S.C. § 1986 ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued").

Defendants argue that Plaintiff's claims brought under sections 1981, 1983, and 1985 must be dismissed because "many of the alleged events" set forth in the second amended complaint are alleged to have occurred more than two years before the original complaint was filed on April 2, 2004.  (Doc. No. 32, at 9.)  Defendants note that only two of the allegations set forth in the second amended complaint are alleged to have occurred after April 2, 2002, and that Plaintiff failed to specifically set forth when certain other alleged events took place.  Additionally, Defendant's argue that Plaintiff's claims brought under 42 U.S.C. § 1986 are subject to a one-year statute of limitations, and that none of the allegations contained in the second amended complaint are claimed to have occurred over one year before this litigation commenced.

6

Plaintiff responds that he has alleged discrete employment actions that he claims occurred within the relevant limitations period, as well has other allegedly "adverse employment actions" that occurred more than two years before the original complaint was filed in order to provide "relevant background and history" to the claims upon which he seeks relief. (Doc. No. 34, at 3.) Additionally, Plaintiff argues that none of the claims should be deemed time-barred under the continuing violations exception.

The continuing violations exception is "an equitable exception to the timely filing requirement." Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1985)). The Third Circuit has explained the exception as follows:

> when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.

Id. (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)). Although not so limited, the continuing violations doctrine has been most frequently applied in the context of employment discrimination claims. Id. (citations omitted). In order to invoke the doctrine, a plaintiff must establish that a defendant's conduct is "more than the occurrence of isolated or sporadic acts." Id. (quoting West, 45, F.3d at 755). The Third Circuit has directed district courts to consider at least three factors: (1) subject matter (i.e., whether the violations constitute the same type of discrimination); (2) frequency (i.e., whether the acts are recurring or are rather isolated incidents); and (3) degree of permanence (i.e., whether the act had a degree of permanence such that the plaintiff's awareness should be triggered and a duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate). Id.

(citations omitted). The consideration of the "degree of permanence" is the most important of the three factors. Id. (citation omitted).

Although he raises the continuous violations exception, Plaintiff also tacitly acknowledges that the exception is irrelevant to his claims. Plaintiff has conceded that he cannot maintain any separate damage claims for adverse employment actions that may have occurred before April 2002, because such claims would be time-barred. (Doc. No. 34, at 3-4) ("Plaintiff agrees that any separate damages claims for adverse employment actions occurring before April, 2002 would be barred under 42 U.S.C. §§ 1981, 1983, 1985, and 1986"). Moreover, Plaintiff has provided very little argument as to why the continuing violations exception applies to this case, and Defendants have not offered any response to Plaintiff's assertion of the exception. Accordingly, the Court does not find that it is relevant or necessary at this time to determine whether the continuing violations exception applies to the facts of this case. Plaintiff has pleaded at least one adverse employment decision within the two-year limitations period, and acknowledges that he may not maintain separate damage claims for actions occurring before April 2002. Accordingly, the Court will not dismiss Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985. However, the Court finds that Plaintiff's claims under 42 U.S.C. § 1986 must be dismissed because Plaintiff has not alleged any facts or events that occurred within one year of the date this litigation commenced. Accordingly, any claims under section 1986 are now time-barred and will be dismissed.

### D.     Failure to State a Claim

Finally, Defendants assert that Plaintiff has failed to sufficiently plead personal involvement by any of the individual Defendants and, accordingly, Defendants contend that Plaintiff's claims under

sections 1981 and 1983, as well as the First and Fourteenth Amendments, must be dismissed. Defendants aver that "[c]ertainly each and every individual Defendant did not play a part in each and every alleged event in the Second Amended Complaint." (Doc. No. 32, at 11.) Plaintiff responds by reciting the familiar rule governing notice pleading and the standards for evaluating motions to dismiss.

The Court agrees with Defendants that the Second Amended Complaint lacks detail, and in many instances is vague. Indeed, it appears the only specificity Plaintiff offers regarding his allegations against the individual Defendants is contained in paragraph 37 of the second amended complaint:

> Individual Defendants Spoljaric, Klinger, Myers, Zirrili and Sedesse are supervisory personnel in Plaintiff's department. Hodge, Green, Phillips, and Watson serve employee relations functions. Upon information and belief, the individual Defendants were actually involved in the violations of the rights at issue in Plaintiff's Complaint and/or knew of and/or acquiesced in those violations and/or conspired between and among themselves to effect the same.

(Second Amended Complaint, ¶ 37.) Notwithstanding the generality of the allegations, the Court does not conclude that the civil rights claims must be dismissed at this time for failure to state a claim. A defendant in a civil rights action must have personal involvement in the alleged wrongs[.]" Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Such personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence." Id. It is true that allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity. Id. Although the second amended complaint provides very little in the way of particularity about the actions of individual Defendants, it does provide details regarding the alleged wrongful employment actions and specifically alleges that the individual Defendants all had actual knowledge of

9

and/or acquiesced in the alleged civil rights violations. Therefore, notwithstanding the generality of the allegations, the individual Defendants have been placed on notice of the basis of Plaintiff's claims and the nature of the allegations against which they must defend. Accordingly, the Court will not dismiss the second amended complaint for failure to state a claim.

**IV.     Order**

And now, this 10th day of June 2005, for the reasons stated in the within memorandum, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss Plaintiff's second amended complaint (Doc. No. 31) is **GRANTED** in part and **DENIED** in part as follows:

1. All claims against the Pennsylvania Department of General Services and all official capacity claims against the individual Defendants are **DISMISSED** because such claims are barred by the Eleventh Amendment and/or the Pennsylvania Human Relations Act.

2. Plaintiff's claims brought under 42 U.S.C. § 1986 are **DISMISSED** as time- barred.

3. In all other respects, the Motion to Dismiss is **DENIED**.

    s/ Yvette Kane
Yvette Kane
United States District Judge