IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. CHAMBERS : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. 1:04-CV- 0714 |
| v. : | |
| : | (Chief Judge Kane) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DEPARTMENT : | |
| OF GENERAL SERVICES, ROBERT : | |
| SPOLJARIC, CHUCK HODGE, : | |
| GREGORY GREEN, JOHN KLINGER, : | |
| BILL MYERS, SHERRI PHILLIPS, : | |
| and PETER SEDESSE, : | |
|     Defendants : | |

## MEMORANDUM

Before the Court is Plaintiff Aaron L. Chambers's motion to reinstate witnesses (Doc. No. 70), by which Plaintiff requests that the Court reconsider its July 27th order (Doc. No. 81) excluding several of Plaintiff's proposed witnesses whose identities were untimely disclosed to Defendants. In his motion, Plaintiff seeks reinstatement of eight of the twelve excluded witnesses, specifically: Randy Olewine, George Hoch, Chris Kronenberg, Sylvester Weatherly, R. Alan Jacobs, David Gash, Gary McCully, and Mary Descrurude.[1] The motion has been briefed and is ripe for disposition. For the reasons that follow, the Court finds that reconsideration of its July 27th order is appropriate and will grant Plaintiff's motion to reinstate witnesses.

**I.     BACKGROUND**

On April 2, 2004, Plaintiff initiated this action by filing a complaint against the

---

[1] The Court notes that Plaintiff's motion requests reinstatement of the eight individuals listed above; however, the brief in support also mentions Frank Smyser, Claire Jones, George Estraught, and Gary Wiederhold. The Court's memorandum and order extends only to those individuals listed in the motion for reinstatement.

Department of General Services as well as against several of its supervisory employees in their individual and official capacities. (Doc. No. 1.) On September 10, 2004, Plaintiff filed an amended complaint (Doc. No. 11) and on December 13, 2004, Plaintiff filed a second amended complaint (Doc. No. 30). After the Court dismissed certain claims, Defendants moved for summary judgment. (Doc. No. 49.) On December 28, 2006, the Court entered an order granting Defendants summary judgment on Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., and under 42 U.S.C. § 1985. (Doc. No. 64.) Additionally, the Court dismissed any claims brought under 42 U.S.C. §§ 1981 and 1983 that arose prior to April 2, 2002. (Id.) Following the Court's ruling on Defendants' motion for summary judgment, the only claims remaining in this litigation are those alleging violations of Plaintiff's First and Fourteenth Amendment rights brought under 42 U.S.C. §§ 1981 and 1983 arising subsequent to April 2, 2002.

On May 3, 2007, Plaintiff's former counsel, Attorney Ostrowski, identified in his pretrial memorandum a list of nineteen individuals whose testimony he might present at trial, which at that time was scheduled to commence in June 2007; Defendants moved to exclude most of these witnesses four days later. (Doc. Nos. 70 & 71, at 4.) The Court addressed Defendants' motion in limine with the parties during a pretrial conference held on May 15, 2007, and directed Plaintiff to submit a detailed response thereto. After the motion was fully briefed, the Court found "that Plaintiff ha[d] failed to satisfy his burden of demonstrating that the late identification of the challenged witnesses was substantially justified or harmless error" and excluded the testimony of twelve of the untimely disclosed witnesses pursuant to Rule 37(c) of the Federal

Rules of Civil Procedure.[2]  (Doc. No. 81, at 6.)  In reaching this conclusion, the Court remarked that Attorney Ostrowski had made no attempt to provide a substantial justification for the failure to disclose the witnesses at issue, and the Court further noted its frustration with the argument that Defendants should have known about all of the witnesses at issue.  (Id. at 2-6.)

A second in-chambers pretrial conference was held on July 31, 2007, and a follow up status phone call was scheduled for August 3, 2007.  Attorney Ostrowski was unavailable at the time of the scheduled call, and Attorney Goldhaber detailed the reason for Mr. Ostrowski's unexpected absence from the case.  After it became apparent that Mr. Ostrowski would be unable to continue in his representation of Plaintiff for mental-health reasons, trial was continued, and Attorney Goldhaber entered his appearance as Plaintiff's lead counsel in this matter.

On August 23, 2007, following a status call between the Court, defense counsel, and Attorney Coover on behalf of Plaintiff, the Court issued an order directing Plaintiff to file a status report with the Court by the end of the month.  The Court also directed that any motion related to the exclusion of witnesses should be filed no later than August 31, 2007.  Plaintiff submitted an untimely status report in response to a show cause order issued by the Court.

On October 24, 2007, the Court held an in-person conference with counsel and Mr. Chambers to address certain issues that had been brought to the Court's attention by a letter from Mr. Chambers.  Two days later, Attorney Coover submitted the motion now before the Court seeking reinstatement of eight of the witnesses that had been excluded by the Court.

---

[2]  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . information not so disclosed."  Fed. R. Civ. P. 37(c)(1).

Jury selection and trial are scheduled to commence on December 3, 2007.

## II. DISCUSSION

### A. Reconsideration of the Court's July 27th order

As this Court has previously noted, "[t]he standard for granting a motion for consideration is a stringent one." Iseley v. Talaber, No. 1:05-CV-0444, 2007 WL 2065997, at *7 (M.D. Pa. July 16, 2007). Motions for reconsideration serve the narrow purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The Third Circuit has therefore held that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The Court finds that reconsideration is appropriate in light of information not known at the time of its July 27th ruling on Defendants' motion in limine. The Court has since been informed of health difficulties that Attorney Ostrowski experienced during the spring and summer of 2007 – difficulties the Court finds affected his ability to prosecute the case and to respond adequately to Defendants' motion in limine. Although the Court's July 27th ruling on the motion in limine was appropriate based on the record before it at the time, in light of the information regarding Attorney Ostrowski and in order to prevent manifest injustice to Plaintiff, the Court will reconsider its exclusion of several of Plaintiff's proposed witnesses – witnesses that Plaintiff represents are "key witnesses in his case-in-chief."

### B. Exclusion of witnesses

Plaintiff maintains that "[t]he Court's July 27, 2007 decision precludes the Plaintiff from calling key witnesses in his case-in-chief and will prohibit the Plaintiff from fully producing for the jury evidence to support his claims against the Defendants." (Doc. No. 106, at 2.) Plaintiff further contends that Defendants have suffered no prejudice as a result of the untimely disclosure of these individuals, and requests that the Court excuse Plaintiff's former counsel's negligent handling of the case.

Defendants oppose Plaintiff's motion on several grounds. First, Defendants contend that they would be prejudiced by Plaintiff's delay in disclosing the witnesses at issue and the tardiness of the motion to reinstate witnesses. Defendants argue that it is disingenuous of Plaintiff to rely on the neglect of Attorney Ostrowski, as Attorney Goldhaber's co-counsel, Attorney Coover, entered her appearance on Plaintiff's behalf in May 2005. Finally, Defendants contend that the appropriate sanction under Federal Rule of Civil Procedure Rule 37(c), see footnote note 2 supra, for the repeated failure by Plaintiff and his counsel to comply with the Federal Rules of Civil Procedure and by the Court's orders is exclusion of the witnesses' testimony.

In determining whether exclusion of testimony is appropriate, the Third Circuit directs the trial court to consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been offered; (2) the ability of the party to cure the prejudice, (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in this court, and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir.

2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)); see also Quinn v. Cons. Freightways, 283 F.3d 572, 577 (3d Cir. 2002) (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977)[3]).  The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."  Quinn, 283 F.3d at 576 (quoting Meyers, 599 F.2d at 903).  The Third Circuit has expressed particular reluctance to blanket exclusions of evidence in discrimination cases, where plaintiffs often face proof problems.  See id. at 578 (citing cases).

      Upon consideration of these factors and all relevant circumstances, the Court concludes that exclusion of these eight witnesses is not appropriate.  Defendants have been aware of these witnesses, at the very latest, since May 3, 2007.  While these witnesses may have come as a surprise at that time, the same cannot be said months later.  Any prejudice potentially caused by permitting these witnesses to testify will be minimized by the parties' ability to conduct limited discovery in the weeks prior to trial.  Permitting Plaintiff to introduce these witnesses as part of his case-in-chief will not disrupt the orderly and efficient trial of the case or of other cases before the Court.  Moreover and as previously mentioned, Plaintiff's former counsel was suffering from mental-health issues that affected his ability to fulfill his trial obligations in this case during

---

[3] Meyers also listed the following factors that may be considered by courts when determining whether to permit the testimony of untimely identified witnesses: "bad faith on the part of the party seeking to call witnesses not listed in his pretrial memorandum, ability of the party to have discovered the witnesses earlier; validity of the excuse offered by the party, willfulness of the party's failure to comply with the court's order, the parties' intent to mislead or confuse his adversary, and finally, the importance of the excluded testimony."  559 F.2d at 904 (internal citations omitted).

spring and summer 2007.[4]  Thus, the Court no longer views his behavior as "an unjustified attempt to circumvent the discovery schedule to which the parties were subject" (Doc. No. 75, at 60), and therefore the Court finds that Plaintiff's former counsel's did not willfully, flagrantly, and/or in bad-faith disregard for the rules governing discovery.

Under these circumstances, considering Plaintiff's position that these are "key witnesses" in his case, and in light of the Third Circuit's disfavor of excluding such evidence as a discovery sanction, the Court finds that reinstatement of the eight witnesses addressed in Plaintiff's motion is appropriate.  Plaintiff will be permitted to call these witnesses at trial, and Defendants may object to their testimony on any appropriate ground other than their late disclosure.  As mentioned in a pretrial conference held on November 14, 2007, Defendants may move for an extension of time, if required, and for the imposition of alternative discovery sanctions against Attorney Goldhaber and Coover for their delay in submitting the motion for reconsideration.

An appropriate order follows.

---

[4] Defendants contend that Plaintiff's argument is meritless insofar as it is based upon the neglect of former counsel since Attorney Coover entered her appearance in this suit in May 2005.  The Court explored the nature of Attorney Coover's involvement in Mr. Chambers's case during the October 24th in-person conference held with counsel and Mr. Chambers.  Attorney Coover represented that she performed certain work on this case as a favor to Plaintiff's former counsel and that she never had a fee agreement or formal relationship with Mr. Chambers.  During the October 24th meeting, the Court impressed upon Attorney Coover the significance of entering an appearance in an action before the Court, and Ms. Coover and Mr. Chambers discussed the nature of her involvement in the case.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AARON L. CHAMBERS : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. 1:04-CV- 0714 |
| v. : | |
| : | (Chief Judge Kane) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DEPARTMENT : | |
| OF GENERAL SERVICES, ROBERT : | |
| SPOLJARIC, CHUCK HODGE, : | |
| GREGORY GREEN, JOHN KLINGER, : | |
| BILL MYERS, SHERRI PHILLIPS, : | |
| and PETER SEDESSE, : | |
|     Defendants : | |

**ORDER**

**AND NOW**, this 16th day of November, 2007, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to reinstate witnesses (Doc. No. 99) is **GRANTED**. Plaintiff may call the following individuals to testify at trial: Randy Olewine, George Hoch, Chris Kronenberg, R. Alan Jacobs, Sylvester Weatherly, David Gash, Gary McCulley, and Mary Descurude. Plaintiff is directed to make all reasonable efforts to accommodate Defendants' discovery requests pertaining to these witnesses.

                                    s/ Yvette Kane
                                    Yvette Kane, Chief Judge
                                    United States District Court
                                    Middle District of Pennsylvania