IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. CHAMBERS,               : | |
|     Plaintiff                                        : | |
|                                                           : | CIVIL ACTION NO. 1:04-CV-0714 |
|     v.                                                 : | |
|                                                           : | (Chief Judge Kane) |
| COMMONWEALTH OF          : | |
| PENNSYLVANIA, DEPARTMENT : | |
| OF GENERAL SERVICES, ROBERT : | |
| SPOLJARIC, CHUCK HODGE,   : | |
| GREGORY GREEN, JOHN KLINGER, : | |
| BILL MYERS, SHERRI PHILLIPS, : | |
| and PETER SEDESSE,               : | |
|     Defendants                                 : | |

**MEMORANDUM**

Before the Court is Defendants' motion for sanctions. (Doc. No. 127.) The motion has been briefed and is ripe for disposition. For the reasons that follow, Defendants' motion will be denied.

**I.   BACKGROUND**

During pretrial matters in the above captioned case, it became apparent that Plaintiff's original trial counsel was experiencing personal difficulties affecting his ability to represent his client. At times throughout the litigation, he relied heavily on other counsel, who provided assistance and actually took over portions of the case during his extended absences.

During a pretrial conference in May 2007, Plaintiff's original trial counsel informed defense counsel that he intended to call twelve previously unidentified witnesses at trial. On May 8, 2007, Defendants filed a motion in limine seeking to preclude the testimony of the late-identified witnesses (Doc. No. 70), and on July 27, 2007, the Court entered an order granting Defendants' motion (Doc. No. 81).

During a status conference held on August 23, 2007, this Court, out of concern for

fairness to the Plaintiff under the circumstances, suggested that the attorneys assuming responsibility for the prosecution of Plaintiff's case, Douglas Goldhaber and Sherri Coover,[1] file a motion for reconsideration as to the excluded witnesses, whom Plaintiff contended were important to his case.  The Court issued an order establishing an August 31, 2007, deadline for filing any motion for reconsideration, but no motion was filed until October 26, 2007.  Despite the motion's lateness, the Court granted the motion on November 16, 2007, and issued an order allowing Plaintiff to call eight of the twelve previously excluded witnesses.  The Court indicated to Defendants that they could seek sanctions other than exclusion, if appropriate.

Pursuant to representations by Attorney Goldhaber, Plaintiff's lead counsel at the time, that Plaintiff intended to call the reinstated witnesses, defense counsel prepared for the testimony of the reinstated witnesses and deposed two.  At trial, only one of the potential eight was actually called as a witness.  In the motion before the Court, Defendants seek sanctions in the amount of the cost of preparing for, conducting, and producing transcripts of the depositions.

## II.     STANDARD OF REVIEW

Defendants seek sanctions under Middle District Local Rule 83.3, which provides that if counsel acts in a dilatory manner or fails to comply with any order of court, and the Court determines that dismissal or sanction against the party itself would be unjust, the Court may "assess reasonable costs directly against counsel whose action has obstructed the effective

---

[1] Though Attorney Coover's appearance was entered on the record on May 5, 2005 (Doc. No. 42), it appears that her actual role was primarily a supporting one to Plaintiff's other lead attorneys.

administration of the court's business." M.D. Pa. L.R. 83.3(b). [2]

The decision whether to impose sanctions rests soundly in the discretion of the court. M.D. Pa. L.R. 83.3.1. Among the relevant considerations are the presence of bad faith or extenuating circumstances and prejudice to the opposing party. See Moore's Federal Practice § 16.92[2]; see also Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007) (imposing sanctions notwithstanding absence of bad faith where opposing party was severely prejudiced).

## III. DISCUSSION

Defendants argue that Plaintiff's lead counsel failed to either timely identify Plaintiff's witnesses or to timely seek reconsideration of the motion precluding those witnesses, and that those failures caused counsel for Defendants to expend time and money to investigate and prepare for the potential testimony of the eight late-identified witnesses in the last days leading up to the trial.[3]

Under the circumstances of this case, the Court concludes that Defendants' argument does not afford an adequate basis for the imposition of sanctions because it was not the *timing* of

---

[2] Defendants also cite Federal Rule of Civil Procedure 37 and Middle District Local Rule 37.1 as authority for the court to impose sanctions in this case. Federal Rule of Civil Procedure 37 includes several provisions pertaining to the imposition of sanctions for failure to comply with the discovery process, and Middle District Local Rule 37.1 allows the Court to impose sanctions where the discovery process has been abused. Because Defendants do not identify which provision of Rule 37 they find applicable, because Defendants rely primarily on Local Rule 83.3 as a basis for their claim, and because the Court would reach the same conclusion under the aforementioned rules, further elaboration specific to those rules is unnecessary.

[3] Defense counsel specifically notes that it is not requesting any costs associated with the underlying motion in limine or with opposing the late-filed motion for reconsideration as "those costs would arguably be attributable to the delay of former trial counsel and Attorney Coover; not lead counsel Attorney Goldhaber." (Doc. No. 128, at 7.)

Plaintiff's announcement that caused Defendants to incur the expense of preparing for these witnesses' potential testimony: Defendants would have expended efforts to be properly prepared for such testimony regardless of when the individuals were injected into the litigation.  Indeed, the expense was incurred simply because the individuals were named as potential witnesses.

It is possible that Defendants wish this Court to infer that the witnesses were introduced in bad faith because only one of the eight was actually called to the stand during the trial. However, Plaintiff's counsel offers a reasonable and proper explanation: the decision not to call the other witnesses was a strategic legal decision, made with the consent of Plaintiff, after the presentation of the trial testimony of Plaintiff.  Such a decision is within the discretion of counsel, and the testimony of witnesses is routinely foregone for such reasons.

While Defendants undoubtedly suffered some inconvenience due to Plaintiff's lead counsel's poor timing, the Court finds under the circumstances that this inconvenience is not an appropriate grounds for sanctions, primarily because there is no evidence that the complained of discovery tactics were undertaken for an improper purpose or resulted in severe prejudice to the other party.  Defendants, ultimately successful at trial, do not argue either improper purpose or prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions will be denied.  The Court adds that, while it has declined to exercise its discretion to impose sanctions, nothing in this memorandum opinion and order should be read to condone the sloppy and haphazard manner in which Plaintiff's various counsel managed this case.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AARON L. CHAMBERS,** : | |
|     **Plaintiff** : | |
| : | **CIVIL ACTION NO. 1:04-CV-0714** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA, DEPARTMENT** : | |
| **OF GENERAL SERVICES, ROBERT** : | |
| **SPOLJARIC, CHUCK HODGE,** : | |
| **GREGORY GREEN, JOHN KLINGER,** : | |
| **BILL MYERS, SHERRI PHILLIPS,** : | |
| **and PETER SEDESSE,** : | |
|     **Defendants** : | |

## ORDER

**AND NOW**, on this 22nd day of April, 2008, for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED THAT** Defendants' motion for sanctions (Doc. No. 127) is **DENIED**.

<pre>                                        S/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania</pre>